UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:90-cr-00114-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **HARRY RONALD RICE,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion for Leave of Court to File a Motion for Reconsideration & Attached Affidavits. While defendant has also filed a Motion for Reconsideration, nothing in that motion would persuade this court to change its earlier decision. Review of the instance motion for leave reveals that defendant is mainly seeking an opportunity to now appeal the substance of this court's February 15, 2013, Order, which denied his Motion for Writ of Error Coram Nobis and Motion to Expand the Record. In pertinent part, he contends that he never received a copy of the Order and "to prevent injustice in this case, and an avenue for Respondent to finally get this issue (inter alia) before the Fourth Circuit [Court] of Appeals, if necessary, 'excusable neglect' should be granted in this case." Motion (#5) at ¶ 9.

Reading this pleading in a light most favorable to defendant, the court *first* construes such motion as a Motion for Extension of Time to File a Notice of Appeal made under Rule 4(b)(4) of the Federal Rules of Appellate Procedure, which provides as follows for appeals in criminal actions:

> (4) Motion for Extension of Time. Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without

1

motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed.R.App.P. 4(b)(4). If the denial of his request for *coram nobis* relief is considered to be an appeal in a criminal action, defendant would not qualify for an extension as such time has long passed.

Thus, the question for this court is whether denial of a *coram nobis* motion, which is filed in a criminal action, can be considered a civil action under Rule 4. In a persuasive opinion, the Court of Appeals for the First Circuit held, as follows:

> Should coram nobis be treated as civil or criminal for purposes of appeal? The answer to that question cannot be gleaned by grasping at convenient labels. While the modern writ of error coram nobis is used in criminal cases, its character necessarily reflects the vestiges of its origins in civil litigation. Accordingly, many courts have treated coram nobis as civil for a variety of purposes, such as the availability of discovery, *see, e.g., Balistrieri*, 606 F.2d at 221, and the temporal limits for filing notices of appeal, *see, e.g., Keogh*, 391 F.2d at 140. Given the lessons of history, we are convinced that coram nobis proceedings are best seen as hybrids—quasi-civil and quasi-criminal. *See Craig*, 907 F.2d at 656; Mercado v. United States, 183 F.2d 486, 487 (1st Cir.1950). On this view, the denomination of the nature of a given petition calls for a functional analysis rather than for doctrinal rigidity.
>     We see no reason here to apply the more restrictive rules governing criminal appeals to the government's appeal in a coram nobis proceeding (even though that proceeding is ancillary to a criminal case).… Consequently, we hold that coram nobis proceedings are appealable as civil matters.

Trenkler v. United States, 536 F.3d 85, 94 (1st Cir. 2008). This court will, therefore, treat the denial of his *coram nobis* and associated motion as a final order in a civil matter, ancillary to his criminal action, inasmuch as he is no longer in custody.

Considered as a Motion for Extension of Time to File a Notice of Appeal made under Rule 4(a), disposition of the instant motion is governed by Rule 4(a)(6), which provides as follows:

2

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed.R.App.P. 4(a)(6). Defendant has presented evidence that could arguably satisfy Rule 4(a)(6)(A), including the affidavit of his spouse indicating that the Order was never received at their home,[1] and some evidence that could satisfy Rule 4(a)(6)(B) as defendant has argued he only discovered the Order on June 6, 2014, and filed the instant motion June 20, 2014. As to the third condition, prejudice to the government, the *Advisory Committee Notes* define prejudice as

> some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal. Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal.

*Advisory Committee Notes* 1991 Amendment.

While the court has conducted preliminary review, consideration of such motion cannot be done *ex parte* as the motion comes after the expiration of the time originally allowed to appeal such Order: "[i]f the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules." Fed.R.App.P. 4(a)(5)(B). Thus, the court will allow the government an opportunity to respond.

---

[1] "While Rule 4(a)(6) puts the burden on the moving party to demonstrate non-receipt, the rule does not mandate a strong presumption of receipt." Nunley v. City of Los Angeles, 52 F.3d 792, 795 (9th Cir. 1995).

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Leave of Court to File a Motion for Reconsideration & Attached Affidavits (#5) is **DEEMED** to be a Motion for Extension of Time to File a Notice of Appeal made under Rule 4(a), and the government is allowed up to and inclusive of July 11, 2014, to so respond.

Signed: June 20, 2014

Max O. Cogburn Jr.
United States District Judge